J-S26037-18

2020 PA Super 292

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHIL LEONE, | : | |
| | : | |
| Appellant | : | No. 3307 EDA 2017 |

Appeal from the Judgment of Sentence June 5, 2017
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0000626-2016

BEFORE:   BENDER, P.J.E., BOWES, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.:                **FILED DECEMBER 21, 2020**

This matter is before us on remand from the Pennsylvania Supreme Court for reconsideration of our prior holding vacating that portion of the trial court's June 5, 2017, Order finding Appellant Phil Leone to be a sexually violent predator ("SVP") based on *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) and *Commonwealth v. Butler*, 173 A.3d 1212 (Pa.Super. 2017) in light of the Supreme Court's holding in **Commonwealth v. Butler**, 226 A.3d 972 (Pa. March 26, 2020).

Appellant previously had filed with this Court an appeal from the judgment of sentence entered in the Court of Common Pleas of Northampton County on June 5, 2017, following his convictions of Involuntary Deviate

_____

*   Former Justice specially assigned to the Superior Court.

Sexual Intercourse with a child (IDSI) and related offenses.[1]  At that time, Appellant raised nine questions for our consideration.

After review, we vacated the portion of Appellant's sentence requiring him to comply with SORNA,[2] affirmed in all other respects, and remanded for further proceedings with regard to the SORNA issues to determine what, if any, registration requirements apply to Appellant.  *See Commonwealth v. Leone*, No. 3307 EDA 2017 unpublished memorandum at * 1-31 (Pa.Super. filed Nov. 6, 2018).

Both Appellant and the Commonwealth filed petitions for allowance of appeal with the Pennsylvania Supreme Court.  Appellant filed his Petition for Allowance of Appeal with the Supreme Court on December 6, 2018, and the Court denied the same on May 14, 2019.  On December 10, 2018, the Commonwealth filed its Cross-Petition for Allowance of Appeal wherein it indicated that although it agreed with this Court's disposition as to seven of

---

[1] Appellant was convicted of IDSI, 18 Pa.C.S.A. § 3123(b); Aggravated Indecent Assault(Complainant less than 13 years), 18 Pa.C.S.A. § 3125(a)(7); Indecent Assault:  course of conduct, 18 Pa.C.S.A. § 3126(a)(7); Endangering the Welfare of a Child: course of conduct, 18 Pa.C.S.A. § 4304(b); Corruption of Minors: sexual nature, 18 Pa.C.S.A. § 6301(a)(1)(ii); Sexual Abuse of Children: photographing, videotaping, depicting on computer or filming sexual acts, 18 Pa.C.S.A. § 6312(b)(2); and Sexual Abuse of Children: child pornography, 18 Pa.C.S.A. § 6312(d)(1).
[2] Act of Feb. 21, 2018, P.L. 27, No. 10 (Act 10); Act of June 12, 2018, P.L. 140, No. 29 (Act 29) (collectively, SORNA II). *See also* Act of Dec. 20, 2011, P.L. 446, No. 111, *as amended*, 42 Pa.C.S.A. §§ 9799.10 to 9799.41 (SORNA I).

the nine claims Appellant raised on appeal, it wished to challenge our decision that Appellant's designation as an SVP under SORNA was illegal under prior caselaw. Consequently, the Commonwealth presented the following question for our Supreme Court's review:

> Did the Superior Court err in vacating the order finding Respondent to be a sexually violent predator ("SVP") based on *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) and *Commonwealth v. Butler*, 173 A.3d 1212 (Pa.Super. 2017), while disregarding newly enacted legislation that went into effect during the pendency of this appeal and directly affects Respondent's SVP status?

**See** Cross-Petition for Allowance of Appeal Petition at 3.

In its Order entered on May 14, 2019, our Supreme Court held the Commonwealth's Cross-Petition for Allowance of Appeal pending its disposition of **Butler**, **supra**. On September 1, 2020, the Supreme Court granted the Commonwealth's Cross-Petition for Allowance of Appeal.

In doing so, the Supreme Court vacated that portion of this Court's prior Order which had vacated the trial court's finding Appellant is an SVP who must comply with SORNA's registration requirements and remanded for a determination of what, if any registration requirements applied to him, and remanded the matter to us for reconsideration in light **Butler**.

Appellant's final two claims raised on direct appeal which are at issue herein pertained to SORNA. First, Appellant asserted his designation as an SVP under SORNA was rendered illegal under the Pennsylvania Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) and

this Court's decision in **Commonwealth v. Butler**, 173 A.3d 1212, 1215 (Pa.Super. 2017).[3] In addition, Appellant maintained SORNA is applicable only to his conviction for sexual abuse of children, possession of child pornography under 18 Pa.C.S.A. § 6312(d)(1) as that was the sole offense of which he was convicted that occurred after December 20, 2012, the effective date of SORNA.[4] Brief for Appellant at 35. While Appellant conceded "that

---

[3] In **Muniz**, our Supreme Court held that the registration requirements under SORNA constitute criminal punishment. **Id**. at 1218. In light of **Muniz**, this Court later determined: "[U]nder **Apprendi** [**v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)] and **Alleyne** [**v. United States**, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)] a factual finding, such as whether a defendant has a mental abnormality or personality disorder that makes him ... likely to engage in predatory sexually violent offenses, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder." **Commonwealth v. Butler**, 173 A.3d 1212, 1217 (Pa.Super. 2017) (internal quotations and citations omitted). This Court further held "section 9799.24(e)(3) of SORNA violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." **Id.** at 1218. We therefore concluded that trial courts can no longer designate convicted defendants as SVPs or hold SVP hearings "until our General Assembly enacts a constitutional designation mechanism." **Id.**

[4] SORNA, at 42 Pa.C.S.A. §§ 9799.10-9799.41, was enacted on December 20, 2011, and became effective on December 20, 2012. SORNA was recently amended on February 21, 2018, by H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018. In doing so, the Legislature added Section 9799.55 which states:

> **(b) Lifetime registration.—**The following individuals shall be subject to lifetime registration:
> * * *
> (2) Individuals convicted:

SORNA's Tier I registration requirement should apply to his conviction for possession of child pornography, thereby requiring a 15-year registration period[,]" he reasoned that he could not have had fair warning of SORNA's penalties at the time he committed the other offenses which occurred between 2005 and 2011. *Id*. at 35-36.

The trial court had held a sentencing and an SVP hearing in accordance with Section 9799.24(e) of SORNA on June 5, 2017.[5] At the conclusion of the hearing, the trial court found Appellant to be an SVP, informed him of his registration requirements, and sentenced him to an aggregate term of 337 months to 1,056 months (28-88) years in prison. N.T., 6/5/17, at 42-48.

---

(i)(A) in this Commonwealth of the following offenses, if committed on or after April 22, 1996, but before December 20, 2012:
18 Pa.C.S. § 3121 (relating to rape);
18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse);
18 Pa.C.S. § 3124.1 (relating to sexual assault);
18 Pa.C.S. § 3125 (relating to aggravated indecent assault); or
18 Pa.C.S. § 4302 (relating to incest) when the victim is under 12 years of age; ...
* * *
42 Pa.C.S.A. § 9799.55(b)(2)(i)(A).

[5] At the outset of the hearing, the trial court stated its purpose as "sentencing and for a hearing to determine whether or not [Appellant] [ ], will be designated as a sexually violent predator under Megan's Law." N.T., 6/5/17, at 3.

Following the denial of his post-sentence motion, Appellant filed a notice of appeal on October 11, 2017.

While Appellant's appeal was pending, this Court decided **Butler, supra**, on October 31, 2017, which deemed unconstitutional the current mechanism for imposition of SVP status used in the present case.[6] In finding that Appellant was not entitled to the removal of his designation as an SVP or the removal of his registration requirements under SORNA, the trial court stressed that it followed the procedure for declaring an individual to be an SVP set forth in 42 Pa.C.S.A. § 9799.24, the then-current state if the law.[7] Trial Court Order, filed 10/5/17, at 17.

However, our Supreme Court recently reversed this Court's **Butler** decision after conducting a comprehensive review of the constitutionality of Act 29. **See Commonwealth v. Butler**, 226 A.3d 972, 975 (Pa. 2020). The Pennsylvania Supreme Court concluded, under the two-part analysis applied in **Muniz**, that the Legislative intent or purpose with regard to an offender

_____

[6] This Court held in **Butler** that Subsection 9799.24(e)(3) of SORNA, regarding the procedure for determining whether a defendant is a sexually violent predator, violates the federal and state constitutions "because it increases the criminal penalty to which he is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." **Butler**, 173 A.3d at 1218.

[7] This statute stated that at a hearing, prior to sentencing, the trial court should determine, based on clear and convincing evidence, whether the defendant was an SVP. **See** 42 Pa.C.S.A. § 9799.24(e)(3).

determined to be a SVP was not to punish him. Also, applying the factors set forth in **Kennedy v. Mendoza–Martinez**, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963), the Court further found that the punitive factors did not outweigh the non-punitive ones under SORNA.

Specifically, our Supreme Court held that the registration, notification, and reporting requirements "applicable to SVPs do not constitute criminal punishment," and therefore, the procedural mechanism in Pennsylvania for designating sex offenders as SVPs set forth in 42 Pa.C.S.A. § 9799.24 is constitutional. **Butler**, **supra** at 993.

As our Supreme Court has declared Pennsylvania's statutory mechanism for designating sex offenders as SVPs to be constitutional, Appellant's challenges to his SVP designation and registration requirements do not warrant relief. In light of the foregoing, we affirm the trial court's finding that Appellant is an SVP and a lifetime registrant.[8]

---

[8] Although both this Court's and the Pennsylvania Supreme Court's decisions in **Butler** considered SORNA I, the relevant language in both SORNA I and II is identical. As was the case with SORNA I, SORNA II directs that after receiving a Sexual Offender Assessment Board (SOAB) report, the trial court schedules an SVP hearing. **See** 42 Pa.C.S.A. § 9799.58; **see also** 42 Pa.C.S.A. § 9799.24(e)(1). "At the hearing prior to sentencing, the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator." 42 Pa.C.S.A. § 9799.58(e)(3) (emphasis added).

As noted above, we previously affirmed Appellant's judgment of sentence in all other respects, and the Pennsylvania Supreme Court has denied Appellant's petition for allowance of appeal as to that decision.

Judgment of sentence affirmed.

P.J.E. Bender joins the Opinion.

Judge Bowes files a Concurring Opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/20